PARSONS *vs.* COPLAND.

*A. Russell* moved leave to amend the assignment of errors in this cause. The motion, as entered, was "for leave to amend the assignment of errors, by adding thereto an allegation of another special ground of error in the record in said cause."

*C. O'Flynn,* for defendant in error, objected, that the entry of motion should show in what particular an amendment was desired; and, also, that notice of the motion should have been served, together with a copy of the proposed amendment.

The COURT so held; and the motion was withdrawn.

---

## The Same vs. The Same.

In a case which originated before a Circuit Court Commissioner, and was appealed to, and tried in, the Circuit Court, and brought to this Court by writ of error after judgment; a motion made after four weeks in term, since the filing of joinder in error, for leave to amend the assignment of errors, so as to take an objection to the jurisdiction of the Commissioner which was not made before the Commissioner or in the Circuit Court, presents no equitable claim for the exercise of the discretionary power of the Court, and will be denied.

*Heard June 1st. Decided June 3d.*

*A. Russell,* for plaintiffs in error, moved for leave to amend the assignment of errors, by adding thereto, as an additional allegation, that all the proceedings had in the cause were *coram non judice* and void, for the reason that the Circuit Court Commissioner before whom they originated had no jurisdiction under the Constitution. The assignment of errors was filed in April last, and joinder in error was filed before the commencement of this term.

*C. O'Flynn,* for defendant in error, objected, that while amendments for the support of judgments are granted, they are not favored where the object is to defeat and reverse judgments.—2 *Cromp. Pr.* 378, *and Note; Ibid.* 382.

PARSONS vs. COPLAND.

[CHRISTIANCY J.: Does this rule apply where the question proposed to be raised is one which goes to the jurisdiction of the Court below?]

*O'Flynn:* We contend that it does. The plaintiffs in error have submitted to the jurisdiction. The case has been tried, once before the commissioner, twice in the Circuit Court, and has been before in the Supreme Court without this objection being taken. The Supreme Court held, when the case was here before,* that, after being removed to the Circuit Court, its character was changed from special to general proceedings according to the course of the common law, and that it was then in the position of an action of ejectment instituted by consent of parties.

Besides, if this amendment was allowable at all, it is too late after joinder in error.—1 *Johns.* 493; 3 *Ibid.* 141.

*Russell:* The defect of jurisdiction, if it exists, is one of the *subject-matter*, and could not be waived. And it has been properly held by this Court that this is the appropriate tribunal to pass upon constitutional questions; and not inferior jurisdictions, nor the Circuit Courts.

By the COURT:

We have no doubt whatever of the power of the Court to allow amendments to assignments of errors, and we should exercise this power whenever justice required it, and the application was seasonably made.

But this application comes too late. No question of jurisdiction was made, either before the commissioner or in the Circuit Court; and though the party might, as matter of right, have taken the objection here in the first instance, when he comes now and asks leave as matter of favor to take it, the application presents no equitable claim upon the Court. Besides, four weeks in term have been suffered to

*Parker vs. Copland, 4 Mich. 528.

5 MICH.—K.

elapse since the filing of joinder in error, before this motion is made, and the effect of granting it now might be to lose defendant in error a term.

*Motion denied.*